UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY R. MATLOCK,<br><br>        Plaintiff,<br><br>vs.<br><br>CANADIAN NATIONAL RAILWAY COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Case No. 07-565-DRH<br>)<br>)<br>)<br>) JURY DEMANDED<br>) |

## COMPLAINT

### Count I

Now comes the plaintiff, Tony R. Matlock, by and through his attorneys, Blunt & Associates, Ltd., and for Count 1 of his cause of action against the defendant, Canadian National Railway Company, alleges as follows:

1. That on or about August 24, 2004 and for some time prior thereto the defendant, Canadian National Railway Company, was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purpose thereof did operate and do business in and about the Southern District of the State of Illinois.

2. That at said time and prior thereof, plaintiff was employed by the defendant as a machine operator and was engaged in the performance of his duties as such worker at the time he was injured during the aforesaid time period as alleged.

3. That at said time and prior thereto, defendant was engaged in interstate commerce as a common carrier by railroad, and all or part of plaintiff's duties as an employee of the defendant were in furtherance of interstate commerce and closely, directly and substantially affected the same, by reason whereof the rights and liabilities of the parties were governed by the Act of Congress known as the Federal Employers' Liability Act, 45 U.S. Code, Sections 51-60.

4. That on August 24, 2004 while operating a motorized flat car, plaintiff was injured when he was required to climb under the car with a crescent wrench in an attempt to shift the car and while pulling on the crescent wrench he felt and heard his left knee pop causing him to sustain serious and permanent injuries to his left knee.

5. That defendant, by and through its duly authorized agents and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

>    a. The defendant negligently and carelessly failed to provide plaintiff with a reasonably safe place to perform his work;
>
>    b. The defendant negligently and carelessly failed to provide plaintiff with proper tools and equipment with which to do his work;
>
>    c. The defendant negligently and carelessly failed to provide adequate assistance to safely perform his work;
>
>    d. The defendant negligently and carelessly failed to provide adequate supervision;
>    e. Defendant negligently and carelessly failed to repair and maintain its machines and equipment in a safe condition.

6. That as a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, plaintiff sustained severe and permanent injuries to his left knee, resulting in disability and which has caused and will caused him in the future to suffer great pain and mental anguish; and he has suffered injuries which are permanent in nature; and he has lost and will in the future lose earnings he otherwise would have earned but for his injury; and he has been and will in the future be compelled to obligate himself for medical aid and attention; and his future earning capacity has been seriously diminished thereby, all to the damage of the plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs of suit.

Wherefore, plaintiff, Tony R. Matlock, prays judgment against the defendant, Canadian National Railway Company, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with cost of suit.

s/Paul T. Slocomb/s
David L. Blunt    #237477
Paul T. Slocomb   #6226129
Blunt & Associates, Ltd.
60 Edwardsville Professional Park
Post Office Box 373
Edwardsville, IL 62025-0373
Facsimile 618-656-7849
(618) 656-7744

## Count II

Now comes the plaintiff, Tony R. Matlock, by and through his attorneys, Blunt & Associates, Ltd., and for Count II of his cause of action against the defendant, Canadian National Railway Company, alleges as follows:

1. That from January 1990 and for some time prior thereto the defendant, CANADIAN PACIFIC RAILWAY COMPANY, was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purpose thereof did operate and do business in and about the Southern District of Illinois.

2. That Plaintiff was employed by the Defendant as a machine operator, among other duties, and was engaged in the performance of his duties as such worker at the times he was injured while working for Defendant as hereinafter alleged.

3. That at said time and prior thereto, Defendant was engaged in interstate commerce as a common carrier by railroad, and all or part of Plaintiff's duties as an employee of the Defendant were in the furtherance of interstate commerce and closely, directly and substantially affected the same, by reason whereof the rights and liabilities of the parties were governed by the Act of Congress known as the Federal Employers' Liability Act, 45 USC, Sections 51-60.

4. That at the aforementioned time, while working as an equipment operator for the defendant in the Southern District of the State of Illinois, the plaintiff was required to regularly perform the duties of his job as described by Defendant, for the durations prescribed by Defendant, with tools and machines

provided by the Defendant, and the methods set forth by Defendant, when as a result of such work, a substantial portion of which was performed in the Southern District of the State of Illinois, Plaintiff experienced long-term repetitive/stress/cumulative trauma and excessive whole body vibration injuries due to the negligence of the Defendant.

5. Plaintiff did not have reason to know about his injuries and their potential cause until approximately August 24, 2004.

6. That Defendant, by and through its duly authorized agents and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

> a. The Defendant negligently and carelessly failed to provide the Plaintiff with a reasonably safe place to work, despite the fact that cumulative trauma injuries such as those suffered by Plaintiff were foreseen and reasonably foreseeable.
>
> b. The Defendant negligently and carelessly failed to provide Plaintiff with safe and proper tools and equipment to reduce the risk of cumulative trauma and excessive whole body vibration, specifically including its failure to provide equipment which did not compel Plaintiff to work constantly in awkward positions while being subject to powerful energies and forces, excessive vibration and bouncing, and being required to do extreme heavy lifting to perform his job;
>
> c. The Defendant negligently and carelessly failed to provide Plaintiff with reasonably safe methods of performing his work;
>
> d. The Defendant negligently and carelessly failed to provide Plaintiff with proper supervision, direction and instruction regarding the risk of repetitive trauma injuries and excessive whole body vibration;
>
> e. The Defendant negligently and carelessly failed to warn Plaintiff about the development of cumulative trauma leading to injuries; and

    f. The Defendant negligently failed to provide sufficient manpower for the tasks repeatedly performed by Plaintiff.

7. That as a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, Plaintiff sustained severe and permanent injuries to his lumbar spine and knees, resulting in disability, which has caused and will cause him in the future to suffer pain and mental anguish; and he has lost and will in the future lose, earnings he otherwise would have earned but for his injury; and he has been, and will in the future be, compelled to obligate himself for medical aid and attention; and his future earning capacity has been seriously diminished thereby, all to the damages of Plaintiff in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of the suit.

WHEREFORE, Plaintiff, Tony R. Matlock, prays judgment against the Defendant, Canadian National Railway Company, for a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars together with cost of suit.

s/Paul T. Slocomb/s
David L. Blunt #237477
Paul T. Slocomb #6226129
Blunt & Associates, Ltd.
60 Edwardsville Professional Park
Post Office Box 373
Edwardsville, IL 62025-0373
Facsimile 618-656-7849
(618) 656-7744

## Count III

Comes now the plaintiff, Tony R. Matlock, by and through his attorneys, Blunt & Associates, Ltd., and for his Count III for his cause of action against the defendant, Canadian National Railway Company, alleges as follows:

1. That from 1970 to the present, Defendant, Canadian National Railway Company was engaged in the business of interstate commerce in and through the several states of the United States as a common carrier by railroad; and for the purpose thereof did operate and do business in and about the Southern District of the State of Illinois.

2. That plaintiff, was employed by defendant as a machine operator for the defendant and its predecessor railroads from 1970 to the present, and was engaged in his duties for defendant at the time he developed lung disease.

3. That at said time and prior thereto, defendant was engaged in interstate commerce as a common carrier by railroad, and all or part of plaintiff's duties as an employee of the defendant were in the furtherance of interstate commerce and closely, directly and substantially affected the same, by reason whereof the rights and liabilities of the parties were governed by the Act of Congress known as the Federal Employers' Liability Act, 45 USC, Sections 51-60.

4. That while working as a machine operator, plaintiff was required to regularly perform the duties of his job as prescribed by defendant, for the durations prescribed by defendant, with the tools and machines provided by the defendant, and the methods set forth by defendant, when as a result of such

work, a substantial portion of which was performed in the Southern District of the State of Illinois, plaintiff experienced long-term exposure to toxic airborne substances, including diesel exhaust and other fumes, silica dust and other substances resulting in chronic lung disease.

5. That plaintiff did not have reason to believe that his lung condition was caused or contributed to by his work until approximately January 2007.

6. That defendant by and through its duly authorized agent and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the FELA:

a. That the defendant failed to provide plaintiff with a reasonably safe place to work, despite the fact that occupational lung diseases among members of plaintiff's craft were reasonably foreseeable;

> b. That defendant failed to provide plaintiff with safe and suitable equipment to reduce the risk of occupational lung injuries, including proper protective equipment;
>
> c. That defendant failed to provide plaintiff with reasonably safe methods of performing his work;
>
> d. That defendant failed to provide plaintiff with proper supervision, direction and instruction regarding the risk of occupational lung injuries;
>
> e. That defendant failed to warn the plaintiff of the risk and danger of the development of occupational lung disease.

7. That as a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, plaintiff suffered severe and permanent injuries to his lungs, resulting in disability, pain and suffering, mental anguish, lost

income and medical costs, all in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs of suit.

Wherefore, plaintiff, Tony R. Matlock, prays for juidgment against the defendant, Canadian National Railway Company, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs of suit.

>s/Paul T. Slocomb/s
>David L. Blunt     #237477
>Paul T. Slocomb   #6226129
>Blunt & Associates, Ltd.
>60 Edwardsville Professional Park
>Post Office Box 373
>Edwardsville, IL  62025-0373
>Facsimile 618-656-7849
>(618) 656-7744

## Count IV

Now comes the plaintiff, Tony R. Matlock, by and through his attorneys, Blunt & Associates, Ltd., and for Count IV of his cause of action against the defendant, Canadian National Railway Company, alleges as follows:

1. That at all times relevant hereto, the defendant, Canadian National Railway Company, was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad, and for the purpose thereof did operate and do business in and about the Southern District of the State of Illinois.

2. That from 1970 through 2007, plaintiff was employed by the defendant as a machine operator and was engaged in the performance of his duties as such worker when he sustained injuries as hereinafter alleged.

3. That at all times relevant hereto, defendant was engaged in interstate commerce as a common carrier by railroad, and all or part of plaintiff's duties as an employee of the defendant were in furtherance of interstate commerce and closely, directly and substantially affected the same, by reason whereof the rights and liabilities of the parties were governed by the Act of Congress known as the Federal Employers' Liability Act, 45 U.S. Code, Section 51-60.

4. During the period of his employment with the Defendant Canadian National Railway Company, Plaintiff was required to work in an environment, controlled by Defendant Canadian National Railway Company, where he was continuously subjected to extreme levels of noise, resulting in severe and permanent loss of hearing, due to the negligence of Defendant Canadian National Railway Company as hereinafter alleged.

5. The Defendant Canadian National Railway Company, by and through its duly authorized agents and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

> (a) Failed to provide plaintiff with a reasonably safe place in which to perform his work;
>
> (b) Failed to provide plaintiff with proper and suitable hearing protection devices; and,
>
> (c) Failed to warn plaintiff of the dangers of exposure to loud noises.

6. As a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, Plaintiff sustained severe and permanent loss of hearing in both ears resulting in permanent physical disability, which has caused, and will cause him in the future, great pain and suffering, loss of quality of life and mental anguish; and he has been, and will in the future be, compelled to obligate himself for medical aid and attention; and his future earning capacity has been seriously diminished thereby, all to the damage of the Plaintiff in a sum in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00).

7. Plaintiff, through the exercise of reasonable diligence, did not learn that he had sustained a hearing loss and that said hearing loss may have been work related until sometime within three (3) years preceding the filing of this action.

8. Plaintiff did not have reason to know about his injuries and their potential cause until approximately December 3, 2004.

WHEREFORE, Plaintiff, Tony R. Matlock, prays judgment against the Defendant, Canadian National Railway Company, on Count IV of his Petition for Damages in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00) and costs of suit.

s/Paul T. Slocomb/s
David L. Blunt     #237477
Paul T. Slocomb    #6226129
Blunt & Associates, Ltd.
60 Edwardsville Professional Park
Post Office Box 373
Edwardsville, IL  62025-0373
Facsimile 618-656-7849
(618) 656-7744